IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALDEN PAULINE, #A0256259,<br><br>      Plaintiff,<br><br>      vs.<br><br>WARDEN ESPINDA, SGT. KORI, ACO KENNY, MAIL ADMIN., ACO RICH, COS HCF,<br><br>      Defendants. | CIV. NO. 13-00612 HG-RLP<br><br>DENIAL OF PLAINTIFF ALDEN PAULINE'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER STRIKING THE PROPOSED AMENDED COMPLAINT |

**DENIAL OF PLAINTIFF ALDEN PAULINE'S OBJECTION TO THE MAGISTRATE JUDGES'S ORDER STRIKING THE PROPOSED AMENDED COMPLAINT (ECF No. 11.)**

Before the Court is pro se Plaintiff Alden Pauline's Objection to the Magistrate Judge's Order Striking Plaintiff's Proposed Amended Complaint filed on February 10, 2014 (ECF No. 11). The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After careful consideration of Plaintiff's Objection and the relevant legal authority, Plaintiff's Objection is **DENIED**.

**PROCEDURAL HISTORY**

On November 13, 2013, Plaintiff filed a Prisoner Civil Rights Complaint ("Complaint") pursuant to 28 U.S.C. §

1343(a)(3); 42 U.S.C. § 1983. (ECF No. 1.)

On December 12, 2013, Plaintiff applied to Proceed In Forma Pauperis as a Prisoner. (ECF No. 5.)

On December 13, 2013, the Magistrate Judge issued an Order Granting Plaintiff's In Forma Pauperis Application And Directing Payment. (ECF No. 6.)

On December 30, 2013, Plaintiff filed a Proposed Amended Complaint. (ECF No. 9.)

On January 27, 2014, the Magistrate Judge issued an Order Striking Plaintiff's Proposed Amended Complaint ("Order"). (ECF No. 10.)

On February 10, 2014, Plaintiff filed a timely objection to the Magistrate Judges's Order. (ECF No. 11.)

## BACKGROUND

**A.   PLAINTIFF'S NOVEMBER 13, 2013 COMPLAINT (ECF No. 1-2.)**

Pro se Plaintiff Alden Pauline is a Halawa Correctional Facility ("HCF") inmate. Plaintiff was incarcerated at HCF when he commenced this action. Plaintiff also was incarcerated at HCF when he raised the allegations of retaliation and mistreatment. (ECF No. 1-2.)

Plaintiff's original Complaint named six HCF employees as Defendants: Warden Espinda, Sgt. Kori, ACO

2

Rich, ACO Kenny, "COS HCF,"[1] and Mail Staff Addmin
(collectively, "Defendants").  (ECF No. 1-2.)  Plaintiff
additionally referred to ACOs Ray, Law, Sgt. Kimo, Director
Ted, and unidentified prison medical staff ("Non-Captioned
Individuals") within the body of the Complaint.

Plaintiff stated he helped HCF officials
investigate an alleged inmate-guard contraband exchange
enterprise by acting as an HCF-acknowledged informant.
Plaintiff asserts that he provided information to HCF
officials which led to investigations and subsequent
confiscations of contraband.  (ECF No. 1-2.)

Plaintiff claimed that after he acted as an
informant, he became the victim of retaliatory acts by HCF
adult correctional officers ("ACOs").  (ECF No. 1-2.)

Plaintiff alleged that certain ACOs disclosed to
Plaintiff's fellow inmates his role in exposing the
contraband exchange.  Plaintiff further alleged that ACOs
facilitated assaults against him by other inmates,
contaminated Plaintiff's food, confiscated Plaintiff's legal
papers, tampered with Plaintiff's personal effects, and

---

[1] This court agrees with the Magistrate Judge's interpretation of "COS HCF" as "HCF's Chief of Security."  (ECF No. 10.)

denied Plaintiff medical care. Plaintiff alleged he sustained injuries to his head, back, eyes and face as a result of these alleged assaults. (ECF No. 1-2.)

Plaintiff has accrued three strikes based on Section 1915(g) of the Prison Litigation Reform Act ("PLRA").[2] See 28 U.S.C. § 1915(g). The three strikes would normally preclude Plaintiff from proceeding in forma pauperis. Id. Because the Magistrate Judge determined that Plaintiff had plausibly alleged imminent danger of serious physical injury and adequately stated a claim, Plaintiff was allowed to proceed in forma pauperis. The Magistrate Judge also granted Plaintiff leave to amend the Complaint to properly name the Non-Captioned Individuals. (ECF No. 7.)

**B.  PLAINTIFF'S DECEMBER 30, 2013 PROPOSED AMENDED COMPLAINT (ECF No. 9.)**

On December 30, 2013, Plaintiff filed a Proposed Amended Complaint. (ECF No. 9.) Plaintiff did not amend the Complaint pursuant to the Magistrate Judge's

---

[2] See, e.g., Pauline v. Tufono, Civ. No. 08-00194 JMS (D. Haw. 2008); Pauline v. Pali Momi Medical Ctr., Civ. No. 08-00195 HG (D. Haw. 2008); Pauline v. H.C.F. Administrator, Civ. No. 08-196 SOM (D. Haw. 2008); and Pauline v. Tufono, Civ. No. 08-00389 DAE (D. Haw. 2008).

4

instructions.³  (ECF No. 9.)

Plaintiff's Proposed Amended Complaint also did not reference any of the claims from the original Complaint. Plaintiff's Proposed Amended Complaint raises a completely separate set of claims regarding allegations of past mistreatment of Plaintiff by Oahu Community Correctional Center ("OCCC") ACOs.  These new claims of abuse supposedly occurred a year earlier when Plaintiff was incarcerated at OCCC and not at HCF.

**C.  ORDER STRIKING PROPOSED AMENDED COMPLAINT (ECF No. 10.)**

On January 27, 2014, the Magistrate Judge filed an Order Striking Plaintiff's Proposed Amended Complaint ("Order").  The Magistrate Judge's Order cited three procedural defects.  First, Plaintiff failed to adhere to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 18 and 20 concerning joinder.  Second, Plaintiff failed to satisfy certain requirements of 28 U.S.C. § 1915.  Finally, Plaintiff failed to comply with Local Rules pertaining to Amended Pleadings filed by Incarcerated Individuals and Fed.

---

³ Plaintiff instead added as named Defendants the State of Hawaii, the Hawaii Department of Public Safety, Oahu Community Correctional Center employees Capt. Vanwinkle, Lt. Rics, Sgt. Actonio/COS Antonio, Sgt. Vistcion, ACOs Twyla Correa, Tanoa, Purcell, DW Tanaka, and Law.

R. Civ. P. Rule 15.

**D.   PLAINTIFF'S FEBRUARY 10, 2014 OBJECTION TO THE MAGISTRATE JUDGE'S ORDER (ECF No. 11.)**

On February 10, 2014, Plaintiff filed the instant Objection to the Magistrate Judge's Order.

Plaintiff's Objection was filed fourteen days after the issuance of the Magistrate Judge's Order. The form of the Objection is a one-page handwritten request for this court to grant Plaintiff's Proposed Amended Complaint. Plaintiff reasserts that he fears for his safety. Plaintiff also now suggests that the additionally named OCCC ACOs are contributing to the alleged acts of retaliation at HCF due to familial ties.

**STANDARD OF REVIEW**

Any party may appeal a magistrate judge's non-dispositive pretrial order. D. Haw. L. Civ. R. 74.1. A motion for leave to amend is a non-dispositive pretrial matter which a magistrate may decide under Fed. R. Civ. P. 72(a). U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985), superseded by rule on other grounds as recognized by Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996); Seto v. Thielen, Fed. Appx. 966, 969 (9th Cir. 2013).

The district judge shall consider the appeal and shall not set aside any portion of the magistrate judge's order unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Haw. L. Civ. R. 74.1; McKeever v. Block, 932 F.2d 795, 799 (9th Cir. 1991). The district judge may also reconsider sua sponte any matter determined by a magistrate judge. See D. Haw. L. Civ. R. 74.1.

**A. Clearly Erroneous**

The clearly erroneous standard applies to factual findings. United States v. McConney, 728 F.2d 1195, 1200 (9th Cir. 1984) (overruled on other grounds); Tierney v. Torikawa, 2012 WL 2359960 *1 (D. Haw. 2012) (internal quotation omitted). After reviewing the entire record, the district judge must accept the magistrate judge's ruling unless the district judge is "left with a definite and firm conviction that a mistake has been committed." Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992). This standard is "significantly deferential" to the magistrate judge's judgment. See Hernandez v. Tanninen, 604 F.3d 1095, 1100 (9th Cir. 2010) (internal citation omitted).

7

B.  **Contrary to Law**

The contrary to law standard applies to legal conclusions and allows for de novo review.  <u>McConney</u>, 728 F.2d at 1200; <u>see</u> <u>also</u> Schwarzer et al., Fed. Civ. P. Before Trial § 16:278 (2013).  A decision is contrary to law if it applies the wrong legal standard or neglects to consider all elements of the applicable standard.  <u>See</u> <u>Hunt v. National Broadcasting Co.</u>, 872 F.2d 289, 292 (9th Cir. 1989); <u>Na Pali Haweo Cmty. Ass'n v. Grande</u>, 252 F.R.D. 672, 674 (D. Haw. 2008).

## ANALYSIS

I.  **PLAINTIFF FILED A TIMELY OBJECTION TO THE MAGISTRATE JUDGE'S ORDER STRIKING THE PROPOSED AMENDED COMPLAINT**

Plaintiff's Objection is governed by Fed. R. Civ. P. Rule 72, which allows a party to serve and file objections to a Magistrate Judge's non-dispositive pretrial order within fourteen days after being served with a copy.  Fed. R. Civ. P. Rule 6(a)(1) sets forth how to calculate any period stated in days in the Federal Rules of Civil Procedure.  Plaintiff was served the Magistrate Judge's Order by first class mail on January 27, 2014.

Plaintiff filed his Objection on February 10, 2014 (fourteen days after January 27, 2014).  Plaintiff's

8

Objection is timely.

**II. THE MAGISTRATE JUDGE'S ORDER IS NOT CLEARLY ERRONEOUS NOR CONTRARY TO LAW**

Plaintiff does not claim that the Magistrate Judge made any errors in striking Plaintiff's Proposed Amended Complaint. (ECF No. 11.) Plaintiff simply requests for the "Chief Judge to grant my Amended Complaint." (ECF No. 11.) Plaintiff's Objection asserts "The ACOs that work at OCCC they [have] family member work at HCF." (ECF No. 11.) Plaintiff also reasserts his fear of death at the hands of fellow inmates enabled by deliberate acts of HCF ACOS. He also realleges his fears of illness based on allegations that HCF ACOs purposefully contaminate his food. (ECF No. 11.)

**A. The Magistrate Judge's Order Is Not Clearly Erroneous**

Plaintiff's Proposed Amended Complaint asserts new allegations independent from the claims presented in Plaintiff's original Complaint. Plaintiff's Proposed Amended Complaint is difficult to decipher and is not on the court's prisoner civil rights form.

The Court agrees with the Magistrate Judge's findings that Plaintiff's Proposed Amended Complaint alleges acts of mistreatment by "different individuals at OCCC rather than HCF." (ECF No. 10.) These new allegations relate to incidents which supposedly occurred more than a year earlier and at a different

9

location (OCCC and not HCF).

Plaintiff has three strikes under Section 1915(g) of the Prison Litigation Reform Act ("PLRA"). The alleged past mistreatment Plaintiff supposedly suffered at the hands of OCCC ACOs does not render Plaintiff in imminent danger of serious physical injury at the facility where he currently resides.

The Court agrees with the Magistrate Judge's factual findings and is not left with any conviction that any mistakes have been made.

**B. The Magistrate Judge's Order Is Not Contrary to Law**

The Court turns next to the Magistrate Judge's application of pertinent legal standards.

The Magistrate Judge's Order accurately determined and applied the appropriate legal standard when evaluating whether Plaintiff's Proposed Amended Complaint should be stricken. Although Fed. R. Civ. P. Rule 15(a) would generally allow Plaintiff to amend his Complaint under certain conditions, the PLRA's substantive requirements control.

The Magistrate Judge's Order properly considered Plaintiff's Proposed Amended Complaint in light of the following PLRA requirements: (1) Section 1915(b)(1-2)'s required filing fee payment for each civil action; (2) Section 1915(e)(2)(B)(ii-iii)'s inquiry as to whether the new claims are frivolous, malicious, fail to state a claim, or seek relief against immune

10

persons; (3) Section 1915(g)'s three strike provision barring in forma pauperis status.

### 1. *Fed. R. Civ. P. Rules 18 and 20*

Rule 18 allows a plaintiff to bring multiple claims, related or not, against a single defendant. See Fed. R. Civ. P. 18(a). Because Plaintiff's allegations involve multiple defendants, Rule 20 is implicated as to permissive joinder of multiple defendants. Under Rule 20, Plaintiff must have asserted against each defendant a right to relief that relates to or arises out of the "same transaction, occurrence or series of transactions or occurrences . . . ." See Fed. R. Civ. P. 20(a)(2). Plaintiff also must assert a question of law or fact common to all defendants. Id.; see also 6A Wright, Miller and Kane, Federal Practice and Procedure § 1583 (2d ed. 1990). The Magistrate Judge accurately concluded that the procedural rules "apply with equal force to pro se prisoner cases." (ECF No. 10); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Lee v. Grounds, No. 2:14CV0464 KJN P, 2014 U.S. Dist. LEXIS 31468, at *7 (E.D. Cal. Mar. 10, 2014).

The newly raised claims in Plaintiff's Proposed Amended Complaint lack the requisite commonality among claims, defendants, and questions of law. Because these new claims are unrelated to the claims in Plaintiff's original Complaint and involve different defendants (OCCC ACOs instead of HCF

11

personnel), these claims belong in different suits. See, e.g., Aul v. Allstate Life Ins. Co., 993 F.2d 881, 884 (9th Cir. 1993). Plaintiff's original Complaint and his Proposed Amended Complaint represent completely separate pleadings.

### 2. 28 U.S.C. §§ 1915(b) and (g)

If Plaintiff had attempted to initiate this lawsuit based on the claims in the amended complaint, rather than the claims in the original complaint, he would have been denied in forma pauperis status. The amended complaint is based on claims that occurred more than one year ago and at a different prison. His claims do not support a finding of imminent danger.

Section 1915(b) of the PLRA requires prisoner plaintiffs to either pay the full amount of the filing fee for each separate suit or apply for in forma pauperis status. See 28 U.S.C. § 1915(b)(1). Because Plaintiff has three strikes under Section 1915(g) of the PLRA, Plaintiff is barred from proceeding in forma pauperis unless he can demonstrate imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). The imminent danger exception requires such danger to be present when the action is commenced. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

Plaintiff filed his original Complaint on November 13, 2013. In the original Complaint, Plaintiff asserted sufficient facts to satisfy the imminent danger exception to Section

12

1915(g). Plaintiff's Proposed Amended Complaint does not demonstrate imminent danger.

The Magistrate Judge's order appropriately determined that Plaintiff's newly asserted claims "do not support a finding that Plaintiff was in imminent danger of serious physical injury when he commenced this action on November 13, 2013." (ECF No. 10); see Andrews, 493 F.3d at 1053.

### 3. *Local Rules for the District of Hawaii and Fed. R. Civ. P. Rule 15*

Complaints and petitions filed by incarcerated individuals must conform to certain procedural requirements. See D. Haw. L. Civ. R. 99.7.10. Amended pleadings must also include a reproduction of the entire pleading as amended. See D. Haw. L. R. 10.3.

Plaintiff neither conforms to the requirements prescribed by Local Rule 99.7.10 nor Local Rule 10.3. Plaintiff's Proposed Amended Complaint is not on the court's prisoner civil rights complaint form. Plaintiff's Proposed Amended Complaint also: (1) does not reference Plaintiff's original Complaint; (2) does not name all of the defendants and non-captioned individuals from Plaintiff's original Complaint; and (3) does not reassert the imminent-danger triggering claims from Plaintiff's original Complaint. Because an amended complaint generally supersedes an original complaint, were this court to grant Plaintiff's request to accept Plaintiff's Proposed

13

Amended Complaint, Plaintiff would be: (1) waiving any claims from his original Complaint that were not reasserted in his Proposed Amended Complaint; (2) barred from proceeding in forma pauperis; and (3) barred from filing suit absent a showing of imminent danger.

The Magistrate Judge's Order applied the appropriate legal standards when ruling to strike Plaintiff's Proposed Amended Complaint and is not contrary to law.

## CONCLUSION

Plaintiff's Objection to the Magistrate Judge's Order Striking the Proposed Amended Complaint, (ECF No. 11), is **DENIED.**

The Amended Complaint is **STRICKEN** from the docket without prejudice. The original Complaint (ECF No. 1-2) remains the operative pleading.

//
//
//
//
//
//
//
//

If Plaintiff intends to proceed with the claims raised in the Amended Complaint, he must submit a separate complaint on court-approved forms and concurrently pay the filing fee or seek in forma pauperis status.

IT IS SO ORDERED.

Dated: April 7, 2014, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

Alden Pauline v. Warden Espinda, Sgt. Kori, ACO Kenny, Mail Admin., ACO Rich, COS HCF; Civil No. 13-00612 HG-RLP; **ORDER DENYING PLAINTIFF ALDEN PAULINE'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER STRIKING THE PROPOSED AMENDED COMPLAINT.**